Elena Steers, State Bar No. 193237
Allen Vaysberg, State Bar No. 248995
LAW OFFICES OF STEERS & ASSOCIATES
16633 Ventura Blvd., Suite 900
Encino, California 91436
Telephone: (818) 345-9913
Facsimile: (818) 343-6103

Attorneys for Debtor



**FILED & ENTERED**

**AUG 07 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** milano    **DEPUTY CLERK**

<u>**ORDER NOT FOR PUBLICATION**</u>    **CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>NUNE KAZARYAN<br><br>Debtor. | Case No.: 2:12-bk-24632-RK<br><br>Chapter 7<br><br>**ORDER DENYING WITHOUT PREJUDICE DEBTOR'S MOTION REQUIRING CAPITAL ONE BANK (USA) N.A., TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING 11 U.S.C. § 524(a)(2)** |

Having reviewed and considered Debtor's Motion for Order Requiring Capital One Bank (USA) N.A. to Appear and Show Cause Why It Should not be Held in Contempt for Violating 11 U.S.C. § 524(a)(2)(Docket No. 15)(the "Motion"), the court hereby DENIES the Motion without prejudice for the reasons set forth below.

The motion is denied for lack of good cause because Movant has failed to submit admissible and credible evidence that respondent Capital One Bank ("Creditor") took any action in violation of the discharge injunction in Debtor's bankruptcy case under 11 U.S.C. § 524(a)(2) and to demonstrate that she is entitled to relief as a matter of law. Debtor contends that "Despite the discharge injunction and despite the fact that the Creditor is well aware of the fact that its pre-petition claim has been discharged, it has refused to release the lien recorded with the Los Angeles County Recorder on September 26, 2011 in violation of 11 U.S.C. § 524(a)(2). . . . " Motion at 4. A copy of the lien, an

abstract of judgment of the Superior Court of California for the County of Los Angeles in favor of Capital One Bank and against the Debtor recorded with the County Recorder of the County of Los Angeles, California, was attached to the Motion as Exhibit 1.  11 U.S.C. § 524(a)(2) provides in pertinent part: "(a) A discharge in a case under this title---. . .(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . ."  The only act attributed to the Creditor was the prepetition recording of an abstract of judgment on September 26, 2011 with the Los Angeles County Recorder before the Debtor filed a Chapter 7 bankruptcy petition on April 26, 2012.  What Debtor is complaining about is an omission, or failure to act, rather than an act to collect the prepetition debt as a personal liability, which is expressly covered by 11 U.S.C. § 524(a)(2).  A failure to act, or an omission, or non-action is not expressly subject to the prohibition of 11 U.S.C. § 524(a)(2), and Debtor cites no legal authority that the prohibition so extends to a failure to act, an omission or non-action by the Creditor, or that Creditor had some duty to remove its judgment lien.  *See* 4 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 524.02[2] at 524-19 – 524-32.1 (16th ed. 2015).  (The court is skeptical that there would be such duty because Creditor may be able to enforce its judgment lien postdischarge *in rem* as, for example, *Collier on Bankruptcy* recognizes.  *Id.,* ¶ 524.02[2][d] at 524-31 – 524-32, *citing inter alia, Long v. Bullard,* 117 U.S. 617 (1886).)   There is no evidence in the moving papers that Creditor took an act to collect the judgment debt as a personal liability of Debtor to be subject to the prohibition of 11 U.S.C. § 524(a)(2).  The facts that Debtor made a request (or demand) that Creditor remove the lien and Creditor is considering Debtor's request to it to voluntary remove the lien and is responding to Debtor's request in correspondence does not indicate that Creditor is taking any action to enforce the lien as a personal liability of Debtor in violation of 11 U.S.C. § 524(a)(2).  See Motion at 6 and Exhibits 4 and 5 attached thereto.  Because the court determines that the Motion lacks factual and legal merit, the court need not rule on Debtor's request for monetary sanctions against Creditor in the amount of $2,000.00, plus attorneys' fees.

///

The denial of the Motion is without prejudice in that the court recognizes that the matter may be resolved if Creditor voluntarily agrees to remove the lien upon Debtor's pending request and that Debtor may have other available remedies to obtain declaratory relief that the judgment lien does not attach to her property acquired postpetition, such as a quiet title action under applicable state law.

IT IS SO ORDERED.

### 

Date: August 7, 2015

_____
Robert Kwan
United States Bankruptcy Judge